* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commission and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 37 years of age, incarcerated by the State of North Carolina and was serving a term of twenty years for robbery with a dangerous weapon (the principal offense).
2. On and about September 18, 2001, plaintiff was being housed at Pasquotank Correctional Institute.
3. On or about September 18, 2001, Sergeant Townsend received information that plaintiff had a homemade knife in his cell. Based on having received this information, Sergeant Townsend ordered a search of plaintiff's cell.
4. On September 18, 2001, several officers, including Sergeant Townsend, Officers Gillece and Wood, assisted in the search of plaintiff's cell. Officers Gillece and Wood placed plaintiff in restraints and took him to the shower area before commencing the cell search. According to Sergeant Townsend, standard procedure during a cell search directs the inmate be placed in the shower area prior to commencement of the cell search. In addition, standard procedure during a cell search directs the officers to search the inmate's personal belongings, check the cell mattress for holes and contraband, and fold up the mattress and place the mattress on its side. After the cell search, the inmate's personal property is placed on the bed, and the cell floor is cleared before the inmate re-enters the cell.
5. On the date of plaintiff's cell search, Sergeant Townsend stood at the cell door and observed the search, but did not personally participate in the performance of it. The record is unclear regarding precisely which officer conducted the cell search.
6. During the cell search, a "shank" with a three- to four-inch blade was found in a hole in plaintiff's mattress in addition to a "pipe," an ink pen that had been altered, that contained residue indicative of having been used for smoking.
7. Plaintiff alleges that during the cell search, the officers stepped on and broke his personal property consisting of gold teeth, which plaintiff had in his cell. Plaintiff further alleges that Sergeant Townsend was negligent in failing to properly supervise other officers conducting the cell search and allowing those officers to step on and destroy his gold teeth. No competent evidence has been offered by the plaintiff to sufficiently prove the same.
8. Plaintiff testified that he paid $600.00 for the gold teeth sometime in the 1980's and that they were purchased in New Jersey; however, plaintiff has offered insufficient evidence of the depreciated value of the gold teeth from which the undersigned could determine damages, assuming negligence was otherwise found to exist, and damages were to be awarded.
9. Plaintiff has failed to prove by the greater weight of the evidence that any officer, employee, involuntary servant or agent of the North Carolina Department of Correction was negligent in the alleged loss of his property, or was negligent in any other manner.
 * * * * * * * * * * * CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291, et seq. requires that the plaintiff demonstrate negligence of an officer, employee, involuntary servant or agent of the State of North Carolina by the greater weight of the evidence.
2. Plaintiff has failed to prove by the greater weight of the evidence that any officer, employee, involuntary servant or agent of the North Carolina Department of Correction was negligent in the alleged loss of his property, or was negligent in any other manner.
3. Plaintiff is not entitled to any recovery from the defendant.
 * * * * * * * * * * *
Based upon the forgoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff shall have and recover nothing from the defendant in this civil action, and plaintiff's claim for the same is DISMISSED WITH PREJUDICE.
2. Defendant shall bear the costs, and no costs are taxed against the plaintiff.
This the __ day of November 2006.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER